# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON LATRELL THOMAS,<br><br>        Plaintiff,<br><br>    v.<br><br>E. SOLANO, et al.<br><br>        Defendants. | Case No. 2:18-cv-08707-CAS-FFM<br><br>**ORDER** |

Plaintiff Jason Latrell Thomas filed this action on October 10, 2018, asserting civil rights claims against a number of prison officials. Dkt. 1. Plaintiff is currently incarcerated and is proceeding *pro se*. On October 15, 2018, United States Magistrate Judge Frederick F. Mumm dismissed plaintiff's complaint, with leave to amend, on the grounds that the Eleventh Amendment bars plaintiff's claims against defendants because plaintiff asserts these claims against defendants in defendants' official capacities. Dkt. 9. Plaintiff thereafter filed the operative first amended complaint on October 24, 2018. Dkt. 15.

On July 25, 2019, plaintiff requested the voluntary assistance of counsel. Dkt. 65. Plaintiff asserted that he "has been found incompetent to stand trial" and that his access to writing materials and the law library has been limited for medical reasons. Id. On August

5, 2019, the Magistrate Judge denied this request, determining that "appointment of counsel is not warranted at this time." Dkt. 66.

On August 9, 2019, plaintiff again requested the voluntary assistance of counsel "based on the hardships currently going on and the fact that [p]laintiff has been found incompetent to stand trial." Dkt. 69 at 3. The Magistrate Judge denied this request on August 15, 2019 "for the reasons previously stated in the Court's August 5, 2019 . . . Order [.]" Dkt. 70.

On October 10, 2019, the Court received from plaintiff a document entitled "Emergency Opposition and Notice of Motion Updating Plaintiff Thomas's Status and Opposition to Magistrate Judge Denial to Ask an Attorney to Take this Case Pro Bono Without Reimbursement." Dkt. 76. The Court construes this filing as objections to the Magistrate Judge's orders denying plaintiff's requests for counsel pursuant to Rule 72 of the Federal Rules of Civil Procedure.[1] See Fed. R. Civ. P. 72(a) ("A party may serve and file objections to the [Magistrate Judge's nondispositive] order within 14 days after being served with a copy.").[2]

As a preliminary matter, the Court notes that plaintiff's objections, filed on October 10, 2019, come well after the 14-day objection deadline applicable to the Magistrate Judge's August 5, 2019 and August 15, 2019 orders. Fed. R. Civ. P. 72(a); C.D. Cal. L.R. 72–2.1. Plaintiff's filing is untimely, even giving plaintiff the benefit of three additional days to object based on the alternative means of service of the orders contemplated by Rule

---

[1] Defendants construe plaintiff's filing as a motion for reconsideration pursuant to Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure. Dkt. 78 at 5–6.

[2] Local Rule 72–2.1 requires a party objecting to a nondispositive order to file a "motion for review by the assigned District Judge, designating the specific portions of the ruling objected to and stating the grounds for the objection." C.D. Cal. L.R. 72–2.1. The motion must be filed "within fourteen (14) days of service of a written ruling." Id.

6(d). Fed. R. Civ. P. 6(d). However, even considering this matter on the merits, plaintiff fails to demonstrate that he is entitled to the requested relief.

"A non-dispositive order entered by a magistrate must be deferred to unless it is 'clearly erroneous or contrary to law.'" Grimes v. City & Cty. of San Francisco, 951 F.2d 236, 241 (9th Cir. 1991) (internal citation omitted). "The clearly erroneous standard applies to a magistrate's factual findings, and the contrary to law standard applies to the magistrate's legal conclusions." Physicians Healthsource Inc v. Masimo Corp., No. 8:14-cv-00001-JVS-ADS, 2019 WL 1966663, at *2 (C.D. Cal. Feb. 27, 2019). "A decision is 'contrary to law' if it applies an incorrect legal standard or fails to consider an element of the applicable standard." Banuelos v. United States, No. 2:15-cv-3273-PA-RAO, 2016 WL 7197593, at *1 (C.D. Cal. May 19, 2016).

Here, plaintiff contends "that the denial . . . to ask counsel to represent me in this civil action is a denial of justice due to my situation." Dkt. 76. To the extent that plaintiff challenges the Magistrate Judge's legal conclusions, the Court finds that the Magistrate Judge's decision is not "contrary to law."

The Magistrate Judge correctly concluded that "[t]here is no constitutional right to appointed counsel in a civil case." Dkt. 70 at 1; see also Storseth v. Spellman, 654 F.2d 1349, 1353 (9th Cir. 1981) ("there is no constitutional right to appointed counsel for [Section] 1983 claims"). Moreover, the Magistrate Judge properly recognized that "the Court has discretionary power to request an attorney to represent a party unable to afford counsel." Dkt. 70 at 1; see also 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel.").

Plaintiff specifically invokes Section 1915(e)(1). Dkt. 65. As the Magistrate Judge correctly observed, in considering a request pursuant to Section 1915(e)(1), the Court determines whether "exceptional circumstances" are present, considering both "the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009); Dkt. 70 at 2. At this juncture, plaintiff has made an

insufficient showing that he is either likely to succeed on the merits of his claims or that the issues presented are complex. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986) (affirming district court's denial of indigent plaintiff's request for counsel because, "[a]lthough [plaintiff] may have found it difficult to articulate his claims *pro se*, he has neither demonstrated a likelihood of success on the merits nor shown that the complexity of the issues involved was sufficient to require designation of counsel.").

The Court cannot say that the Magistrate Judge's factual findings are "clearly erroneous." Nor can the Court say that the Magistrate Judge's legal conclusions are "contrary to the law." Accordingly, plaintiff's objections to the Magistrate Judge's orders denying the requests for counsel are **OVERRULED** and plaintiff's motion is **DENIED**.

**IT IS SO ORDERED.**

DATED: November 5, 2019

*Christina A. Snyder*

CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE