UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-8707-CAS (JEM) | Date | February 4, 2021 |
|---|---|---|---|
| Title | Jason Latrell Thomas v. E. Solano, et al. | | |

| Present: The Honorable | John E. McDermott, United States Magistrate Judge |
|---|---|

S. Lorenzo
Deputy Clerk

Court Reporter / Recorder

Attorneys Present for Plaintiffs:

Attorneys Present for Defendants:

**Proceedings:**   **(IN CHAMBERS) ORDER TO SHOW CAUSE RE: DISMISSAL OF UNSERVED DEFENDANT ESCADA**

Fed. R. Civ. P. 4(m) provides: "If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."

When considering whether to dismiss a case for untimely service, "courts must determine whether good cause for the delay has been shown on a case by case basis." In re Sheehan, 253 F.3d 507, 512 (9th Cir. 2001). "[A]t a minimum, 'good cause' means excusable neglect." Id. (quoting Boudette v. Barnette, 923 F.2d 754, 756 (9th Cir. 1991)). "[A] plaintiff may be required to show the following factors in order to bring the excuse to the level of good cause: (a) the party to be served personally received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed." Boudette, 923 F.2d at 756; accord In re Sheehan, 253 F.3d at 512 (holding that no good cause existed under Rule 4(m) where the plaintiff "failed to show these factors"); see also Hart v. United States, 817 F.2d 78, 80-81 (9th Cir. 1987) (noting that dismissal for untimely service would be unwarranted if the plaintiff demonstrated all three of those factors and had a "justifiable excuse for a failure to serve properly") (quoting Borzeka v. Heckler, 739 F.2d 444, 447 (9th Cir. 1984)). Good cause for untimely service also may be found where the defendant takes affirmative steps to evade or frustrate service of process. See United States ex rel. DeLoss v. Kenner Gen. Contractors, Inc., 764 F.2d 707, 710 (9th Cir. 1985) ("The

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-8707-CAS (JEM) | | Date | February 4, 2021 |
|---|---|---|---|---|
| Title | Jason Latrell Thomas v. E. Solano, et al. | | | |

legislative history provides only a single (and most obvious) illustration of good cause – the putative defendant's evasion of service.") (internal quotation marks and citation omitted) (superseded on other grounds as stated in In re Sheehan, 253 F.3d at 514).

"[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint," provided the prisoner has supplied "the necessary information to help effectuate service . . . ." Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990); see also Sellers v. United States, 902 F.2d 598, 602 (7th Cir. 1990) (stating that "[t]he Marshal needs from the prisoner information sufficient to identify the guard"). "So long as the [plaintiff] has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause'" for extension of the service period under Rule 4(m). Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting Sellers, 902 F.2d at 603), abrogated in part on other grounds by Sandin v. Conner, 515 U.S. 472 (1995). A pro se litigant proceeding in forma pauperis must "attempt to remedy any apparent service defects of which [he] has knowledge." Puett, 912 F.2d at 274-275 (quoting Rochon v. Dawson, 828 F.2d 1107, 1110 (5th Cir. 1987)). If service cannot be accomplished due to the pro se plaintiff's "neglect" or "fault," including the plaintiff's failure to provide sufficient information to identify or locate the defendant, dismissal is appropriate. See Walker, 14 F.3d at 1421-1422 (affirming dismissal of claims against an unserved defendant under Rule 4(m) where the prisoner had not shown that "he provided the marshal with sufficient information to serve [the defendant]").

More than 90 days have passed since the filing of the operative complaint and the order directing service of the summons and complaint on Defendant Escada, but he has not yet been served with the summons and complaint, nor has he entered an appearance. On October 24, 2018, the First Amended Complaint ("FAC") was filed. On December 18, 2018, the Court issued an order directing the United States Marshal's Service ("USMS") to serve the summons and complaint on Defendant Escada, along with an Order Regarding Time Limit for Service of First Amended Complaint, which notified Plaintiff that he had until March 19, 2019, to effectuate service of the summons and FAC. The Court specifically warned Plaintiff that failure to do so "may result in the dismissal of the action without prejudice as to any unserved defendant(s) by reason of plaintiff's failure to prosecute, unless plaintiff can show good cause for extending the time for service."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-8707-CAS (JEM) | Date | February 4, 2021 |
|---|---|---|---|
| Title | Jason Latrell Thomas v. E. Solano, et al. | | |

On March 21, 2019, a Form-285 Process Receipt and Return was filed indicating that the USMS was unable to serve the summons and complaint on Defendant Escada at the address provided by Plaintiff. (Docket No. 25.) Thus, Plaintiff failed to provide the USMS with sufficient identifying information for Defendant Escada to allow service to be completed.

Based on the foregoing, Plaintiff is **ORDERED TO SHOW CAUSE** why his claims against Defendant Escada should not be dismissed for failure to effectuate service of the summons and FAC on Defendant Escada as required by Fed. R. Civ. P. 4(m). Plaintiff shall file a written response to this Order to Show Cause no later than **February 25, 2021**.

Failure to file a timely response will result in a recommendation that the claims against Defendant Escada be dismissed for failure to prosecute and/or failure to comply with a Court order. If Plaintiff has decided not to pursue his clams against Defendant Escada, he should inform the Court that he is voluntarily dismissing those claims.

cc: Parties

                                                                                           :       
Initials of Preparer          slo